UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY MUNICIPALITY,<br><br>Defendant. | Case No. 1:24-cv-00066-JLT-CDB<br><br>SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Kevin Massengale ("Plaintiff") is a former detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1, 9). Plaintiff originally filed his complaint in the United States District Court for the Central District of California on December 19, 2023. (Doc. 1). The action was transferred to this Court on January 16, 2024. (Docs. 5-6). On January 25, 2024, at the Court's direction Plaintiff filed a notice of related cases in which he identified as related cases No. 1:24-cv-00065-JLT-CDB ("*Massengale I*") and 1:24-cv-00010-SKO. (Doc. 8).

I.    **Screening Requirement**

Plaintiff, who is proceeding without counsel in this action, was granted status to proceed *in forma pauperis* in this action. (Doc. 9). *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen *in forma*

*pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also id.* at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

## II.  Plaintiff's Allegations

As a preliminary matter, the undersigned notes that on November 4, 2024, Plaintiff's complaint in the *Massengale I* action was dismissed with prejudice and without leave to amend because it was legally frivolous and failed to state a cognizable claim. (*Massengale I*, Docs. 12, 13). The Court found that Plaintiff failed to state a cognizable claim for which relief could be granted, that the claims against two of the defendants were barred by judicial and prosecutorial

immunity, and that the third defendant was not a state actor for purposes of claims under § 1983; as such, therefore leave to amend was denied on the grounds of futility. (*Massengale I*, Doc. 12 at 2).

Plaintiff's complaint in *Massengale I* raised substantially similar claims as in the instant complaint. In both complaints, Plaintiff assert claims for violations under the Supremacy Clause and the Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments to the United States Constitution. *Cf.* (Doc. 1 at 3) *with* (*Massengale I,* Doc. 1 at 4). Both complaints allege that the named Defendant(s) "[c]onspired together causing genocide, extortion and slavery, which created RICO activities among these participating organized corporations of the State of California" and "[h]eld [him] in slavery[.]" (*Id.*). Both complaints allege that Plaintiff was harmed as he was "kidnapped, unlawfully held against [his] will, starvation, detrimental set back, human trafficking" and duress. (*Id.*). Both complaints allege that the named Defendant in the instant action, Kern County Municipality ("Defendant"), "conspire[ed] along with … Kern County Sheriff Detentional Facility" to deprive him of his constitutional rights. (*Massengale I*, Doc. 1 at 5); *see* (Doc. 1 at 4) (complaint alleges Kern County Superior Court-Mojave also took part in the alleged conspiracy). Both complaints have a jury trial demand and seek relief in the amount of $1 million in damages "for each day [Plaintiff] was unlawfully held against [his] will[,]" for "[d]iplomatic immunity[,]" "[t]o be recognized as Aboriginal and Indigenous to America, and Native to the Republic of California[,]" and "[a]ll charges and convictions against [his] legal person be dismissed and expunged." (*Massengale I*, Doc. 1 at 6); (Doc. 1 at 5). Both complaints are signed and dated on December 17, 2023. (*Id.*).

In the instant complaint,[1] Plaintiff alleges that Defendant Kern County Municipality "conspired together with Kern County Superior Court-Mojave, along with Kern County Sheriff Detention Facility" to deprive him of his freedom and liberties. (Doc. 1 at 7). Plaintiff was held captive and "enslaved" in the "[C]ounty's jail twice" and forced him to "repeat this conviction

---

[1] The undersigned accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1  process all over again[.]" (*Id.* at 8). On the civil cover sheet for the United States District Court,

2  Central District of California, Plaintiff denoted a money demand of $28 million. (Doc. 1-1 at 1).

3  **III.    Discussion**

4      **A.    Frivolousness/Lack of Subject Matter Jurisdiction**

5          As previously discussed (*supra* 1-2), under § 1915, the Court must dismiss the case if the

6  action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). The Court lacks subject matter

7  jurisdiction over frivolous cases. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83,

8  89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so

9  insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely

10 devoid of merit as not to involve a federal controversy."); *Grancare, LLC v. Thrower by &*

11 *through Mills*, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and

12 frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal

13 question jurisdiction).

14         A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke*,

15 490 U.S. at 325. A court may dismiss a claim as frivolous where it is based on an indisputably

16 meritless legal theory or where the factual contentions are clearly baseless. (*Id.* at 327); *Denton v.*

17 *Hernandez*, 504 U.S. 25, 33 (1992); Fed. R. Civ. P. 12(h)(3). "[T]he frivolousness determination

18 is a discretionary one" for the court. *Denton*, 504 U.S. at 33.

19         Here, although presented in terms of various constitutional, federal, and common law

20 violations (as noted *supra*), Plaintiff's complaint is "replete with legal-sounding but meaningless

21 verbiage commonly used by adherents to the so-called sovereign-citizen movement." *United*

22 *States v. Wunder*, No. 16-9452 (ES) (MAH), 2019 WL 2928842, at *5 (D. N.J. Jul. 8, 2019).

23 While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the

24 overarching unifying principle is the belief that, even though they physically reside in this

25 country, the state and/or federal governments lack constitutional legitimacy and therefore have no

26 authority to regulate their behavior. *Caetano v. Internal Revenue Serv.*, No. 1:22-cv-00837-JLT-

27 SAB, 2023 WL 3319158, at *2 (E.D. Cal. May 9, 2023) report and recommendation adopted,

28 2023 WL 4087634 (E.D. Cal. Jun. 20, 2023); *Gravatt v. U.S.*, 100 Fed. Cl. 279, 282 (Fed. Cl.

4

1   2011); *La Vell Harris v. Cnty. Of Lake*, No. 20-cv-09329-RMI, 2021 WL 2170138, at *1 (N.D.

2   Cal. May 10, 2021) report and recommendation adopted, 2021 WL 2170135 (N.D. Cal. May 25,

3   2021), appeal dismissed, No. 21-16054, 2022 WL 17847243 (9th Cir. Nov. 18, 2022).

4          Here, all of Plaintiff's claims arise from an alleged conspiracy of Defendant Kern County

5   Municipality with Kern County Superior Court-Mojave and Kern County Sheriff Detention

6   Facility to deprive him of his "freedom and liberties" when he was held in the county jail on two

7   unspecified occasions. *See* (Doc. 1). Plaintiff's complaint and statement of facts attached

8   therewith do not detail the facts surrounding these alleged unlawful deprivations; the attached

9   documents purport only to verify Plaintiff's identity including various "Jurat" and witness forms

10  (*Id.* at 10, 13-14, 19-21), a birth certificate (*Id.* at 11-12, 15), a UCC financing statement (*Id.* at

11  16-18), and other forms purportedly notarized by an "Alaska[n] Assembly Recording Secretary

12  and International Notarial Witness" (*Id.* at 19-26). While Plaintiff does not expressly state that he

13  is a "sovereign citizen," the Court finds Plaintiff's allegations, explanations, and exhibits are all

14  demonstrative of the fact that his claims are rooted in the sovereign citizen ideology. *See*

15  *generally* (Doc. 1); *see Vasquez v. Cal. Highway Patrol*, No. 2:15-cv-756-JAM-EFB (PS), 2016

16  WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology); *Garcia v.*

17  *Cnty. of Bucks*, No. 17-3381, 2018 WL 3585086, at *2, n.3 (E.D. Cal. Jul. 25, 2018) (sovereign

18  citizen plaintiff's preferred signature on court documents is a red thumbprint); *Pouncey v. Bryant*,

19  No. 4:23-cv-03215-RBH, 2023 WL 5548591, at *2, n. 3 (D.S.C. Aug. 29, 2023).

20         Courts have repeatedly held sovereign citizen arguments are meritless. *Mackey v. Bureau*

21  *of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. Jun. 14, 2016);

22  *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *5 (D. Haw.

23  Jun. 23, 2017); *Williams v. Scheingart*, No. C 15-3013 MMC, 2015 WL 7351388, at *1 (N.D.

24  Cal. Nov. 20, 2015). Therefore, Plaintiff's claims based on this frivolous legal theory must be

25  dismissed.

26         **B.      Failure to State a Claim**

27

28

1    Notwithstanding the finding that the entire complaint should be dismissed as frivolous, the

2    undersigned finds that even under a liberal construction of Plaintiff's complaint, the complaint

3    fails to state a cognizable claim.

4    Here, Plaintiff names Kern County Municipality as the sole Defendant.  City or county

5    governments, including departments within them, cannot be held liable under section 1983 for the

6    acts of an employee.  *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691

7    (1978).  Instead, local governments "can be sued directly under [Section] 1983 for monetary,

8    declaratory, or injunctive relief where … the action that is alleged to be unconstitutional

9    implements or executes a policy statement, ordinance, regulation, or decision officially adopted

10   and promulgated by that body's officers."  *Id.* at 690.  "In order to establish liability for

11   governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a

12   constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this

13   policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the

14   policy is the moving force behind the constitutional violation.'"  *Dougherty v. City of Covina*, 654

15   F.3d 892, 900 (9th Cir. 2011).

16   Plaintiff fails to state a claim under *Monell* as he does not allege any policy, practice, or

17   custom of Kern County Municipality that is "the moving force behind [his alleged] constitutional

18   violation[s]."  *Dougherty*, 654 F.3d at 900.  He alleges only that Defendant "conspired" with

19   other county entities including the Kern County Sheriff Detention Facility and Kern County

20   Superior Court-Mojave—both of whom are not named as defendants in this action—to deprive

21   him of his constitutional rights, causing "genocide, extortion and slavery, which created RICO

22   activities among these participating organized corporations of the State of California."  *See* (Doc.

23   1 at 3, 4).  Because the complaint fails to state a claim under *Monell* against Kern County

24   Municipality or any county entity, Kern County Municipality is not a proper defendant.  To the

25   extent Plaintiff is able to cure these deficiencies by filing an amended complaint, he will be

26   afforded the opportunity assuming he can amend the complaint in good faith.

27   To the extent Plaintiff seeks to hold Defendant liable for various criminal acts, Plaintiff is

28   advised no private right of action to assert violations of criminal statutes exists.  *See Aldabe v.*

*Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code…do not create enforceable individual rights"). Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists).

Plaintiff fails to state a claim for conspiracy against Defendant. A claim of conspiracy requires specific factual allegations showing two or more persons intended to accomplish an unlawful objective to cause a plaintiff harm and took some concerted action in furtherance thereof. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 859-61 (9th Cir. 1999). Thus, the plaintiff must explicitly allege an agreement between two or more defendants to deprive him of a constitutional right and conclusory allegations of conspiracy are insufficient to state a section 1983 claim. *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Conclusory allegations of conspiracy are not enough to support a section 1983 conspiracy claim. (*Id*.). An "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989). However, "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." *Mendocino Environmental Center v. Mendocino Cnty.*, 192 F.3d 1283, 1302 (9th Cir. 1999). Thus, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." (*Id*. at 1301); *see Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) ("Conspiracy is not itself a constitutional tort under § 1983…[i]t does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation") (internal citations omitted).

Here, Plaintiff has only proffered conclusory allegations that Defendant and other county entities that are not named as defendants conspired against him to violate his constitutional rights.

1    Plaintiff has not identified an explicit agreement between two or more defendants.  Accordingly,

2    the Court must dismiss Plaintiff's purported conspiracy claim.

3          Similarly, Plaintiff has failed to state a cognizable RICO claim.  To state a cognizable

4    civil RICO claim, a plaintiff must allege facts showing: (1) conduct (2) of an enterprise (3)

5    through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to

6    plaintiff's business or property.  *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,* 431

7    F.3d 353, 361 (9th Cir. 2005).  "Racketeering activity" or "predicate acts" encompass a variety of

8    criminal acts identified in 18 U.S.C. § 1961(1).  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550,

9    557 (9th Cir. 2010).  To satisfy the "pattern" requirement, there must be at least two acts of

10   racketeering activity within a ten-year period.  18 U.S.C. § 1961(5).  Here, Plaintiff has failed to

11   identify a pattern of activity.  Instead, Plaintiff's complaint alleges only that Defendant held him

12   "in slavery in their Municipality twice for a charge [he has] suffered once and made a victim of

13   human trafficking, and kidnapping."  (Doc. 1 at 3).  These allegations fail to identify the period of

14   which the purported unlawful detentions occurred or any factual basis surrounding those events.

15   Further, Plaintiff's conclusory allegations that these purported "RICO activities" made him "a

16   victim of human trafficking" and kidnapping" are without sufficient detail to inform the Court

17   whether any "racketeering activity" under § 1961(1) has occurred.  Plaintiff will be afforded the

18   opportunity to remedy these deficiencies by filing an amended complaint if he is able to do so in

19   good faith.

20   **IV.    Conclusion and Order**

21         For the reasons set forth above, the Court finds the complaint fails to state any cognizable

22   claim against Defendant Kern County Municipality.  Because he may be able to cure the

23   deficiencies in his pleading, Plaintiff will be granted leave to amend his complaint to cure the

24   identified deficiencies to the extent he is able to do so in good faith.  *Lopez*, 203 F.3d at 1130.

25         If Plaintiff wishes to file a first amended complaint, any such amended complaint should

26   be brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to the

27   deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79).  Although accepted as

28   true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative

level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).    Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints permitted).

Finally, an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* E. D. Cal. Local Rule 220. The **amended complaint must be complete in itself without reference to the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no longer serves any function in the case. Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order.**

Accordingly, it is hereby ORDERED:

1.  The Clerk of the Court shall send Plaintiff a civil rights complaint form; and

2.  **Within 21 days** from the date of service of this order, Plaintiff must either:

    a.  File a first amended complaint curing the deficiencies identified by the Court in this order; or

    b.  File a notice expressing Plaintiff's desire to proceed on the complaint as filed, following which the undersigned will recommend that the complaint be dismissed; or

    c.  File a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:    **March 18, 2025**

UNITED STATES MAGISTRATE JUDGE