UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>    Plaintiff,<br><br> v.<br><br>KERN COUNTY MUNICIPALITY,<br><br>    Defendant. | Case No. 1:24-cv-00066-JLT-CDB<br><br>SECOND SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 11)<br><br>**21-DAY DEADLINE** |

  Plaintiff Kevin Massengale ("Plaintiff") is a former detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1, 9). Plaintiff originally filed his complaint in the United States District Court for the Central District of California on December 19, 2023. (Doc. 1). The action was transferred to this Court on January 16, 2024. (Docs. 5-6). On January 25, 2024, at the Court's direction Plaintiff filed a notice of related cases in which he identified as related cases No. 1:24-cv-00065-JLT-CDB ("*Massengale I*") and 1:24-cv-00010-SKO. (Doc. 8).

  The Court issued its first screening order on March 18, 2025. (Doc. 10). The Court found Plaintiff's complaint failed to state any cognizable claims against Defendant. (*Id.* at 8). Because it appeared he may be able to cure the deficiencies in his complaint, the Court granted Plaintiff leave to amend his complaint. (*Id.* at 9).

Plaintiff timely filed a first amended complaint on April 2, 2025. (Doc. 11). This second screening order follows.

**I.      Screening Requirement**

Because Plaintiff was granted status to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must screen his complaint and dismiss the action if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also id.* at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

II.    **Plaintiff's Allegations in the First Amended Complaint**[1]

Plaintiff names Kern County as Defendant in the first amended complaint ("FAC").  (Doc. 11 at 1).  Plaintiff alleges that on August 31, 2023, Kern County, through its administrative arms of the Kern County Superior Court (Mojave Branch) and the Kern County Sheriff's Office, conspired to deprive Plaintiff of his rights through a pattern of racketeering activity, including kidnapping, extortion, and forced labor, in violation of 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962, and the "Double Jeopardy Clause[.]"  (*Id.* at 1-2).  Plaintiff alleges Kern County's unlawful conspiracy subjected him to "repeated incarcerations from previous case # MM056331A filed 10/31/06 without lawful cause, coercive prosecution, and inhumane jail conditions constituting cruel and unusual punishment … while operating as an 'enterprise' under RICO to perpetuate systematic abuse of governmental power[.]"  (*Id.* at 2).

Plaintiff alleges Kern County and its agencies engaged in a "meeting of the minds" to intentionally violate his rights "with policies or customs of deliberate indifference to constitutional violations[.]"  (*Id.*).  He alleges the Kern County Superior Court's "judicial actors, though typically immune, exceeded jurisdiction to facilitate unlawful detention … while the Sheriff's Office executed punitive confinement without due process[.]"  (*Id.*).  Plaintiff alleges the "County, Court, and Sheriff's Office constitute a RICO 'enterprise' that engaged in predicate acts of kidnapping[], extortion[], and human trafficking" to satisfy the "pattern" requirement for the claim.  (*Id.*).  He alleges that "County actors engaging in human trafficking and forced labor to perpetuate a 'pattern of racketeering' are cognizable under [civil] RICO[.]"  (*Id*. at 3).  Plaintiff alleges that subjecting him to re-prosecution "for the same conduct after initial jeopardy" violates the Fifth Amendment as "compounded by malicious prosecution lacking probable cause[.]"  (*Id.*).

Plaintiff alleges that "Kern County, the Sheriff's Office, and [the] Superior Court-Mojave conspired to detain him unlawfully" and the "joint actions" of these entities "plausibly reflect a custom of constitutional violations attributable to the municipality."  (*Id.* at 4).  He further alleges

---

[1] The undersigned accepts Plaintiff's allegations in the first amended complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1    that "the County, through its judicial and enforcement arms, repeatedly subjected him to unlawful
2    detention, double jeopardy, and coercive incarceration[,]" acts which "reflect a 'deliberate
3    indifference' to constitutional rights … and a 'meeting of the minds' among county actors
4    sufficient to establish municipal liability[.]" (*Id.*).

5    Plaintiff asserts that "the County is not immune from liability for institutional policies that
6    facilitate constitutional violations" and his allegations "that the Superior Court operated as part of
7    a corrupt County-wide scheme strip the County of any derivative immunity[.]" (*Id.* at 5). He
8    asserts that his detention allegations "support claims for" false imprisonment under the Fourth
9    Amendment, due process violations, or conspiracy to deprive rights under § 1983. (*Id.* at 7). He
10   further asserts that his "claims of slavery and extortion, while invoking criminal statutes, are
11   rooted in Thirteenth Amendment violations and due process deprivations[] which are actionable
12   under § 1983." (*Id.*). Plaintiff asserts that his allegations of being detained twice in the county
13   jail "constitute[s] new instances of harm … warranting separate consideration." (*Id.*). Plaintiff
14   alleges that his allegations satisfy *Monell* "by pleading an unofficial custom or practice of
15   constitutional violations through coordinated conduct between Kern County entities, including the
16   Sheriff's Detention Facility and Superior Court." (*Id.* at 8).

17   Plaintiff seeks damages in the amount of "[o]ne million lawful dollars for each day
18   unlawfully [i]mprisoned" and compensatory and punitive damages under 42 U.S.C. § 1983 for
19   violations of his First, Fourth, Fifth, and Thirteenth Amendment rights. (*Id.* at 1, 8). Plaintiff
20   also seeks declaratory judgment "invalidating Kern County's unconstitutional policies" and for
21   injunctive relief "to dismantle the racketeering enterprise and reform detention practices." (*Id.* at
22   8).

23   Plaintiff asserts his allegations support claims under *Monell* based on conspiracy (Claim
24   1), civil RICO (Claim 2), false imprisonment under the Fourth Amendment (Claim 3), a double
25   jeopardy violation under the Fifth Amendment (Claim 4), due process violations (claim 5), and
26   slavery and extortion under the Thirteenth Amendment (Claim 6). (*See id.*).
27   ///
28   ///

**III.     Discussion**

The undersigned finds that even under a liberal construction of Plaintiff's FAC, the FAC fails to state a cognizable claim. The claims are screened in turn below.

**A.     Claim 1: *Monell* Liability Based on Conspiracy**

Plaintiff names Kern County, through its "administrative arms" of the Kern County Superior Court-Mojave Branch and the Kern County Sheriff's Office, as Defendant in this action. (Doc. 11 at 1). City or county governments, including departments within them, cannot be held liable under section 1983 for the acts of an employee. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978). Instead, local governments "can be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." (*Id.* at 690). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Plaintiff fails to state a claim under *Monell* as the FAC fails to sufficiently allege any policy, practice, or custom of Kern County or its "administrative arms" that is "the moving force behind [his alleged] constitutional violation[s]." *Dougherty*, 654 F.3d at 900. Although it appears Plaintiff intends to implicate a policy, practice or custom by alleging that Defendant "conspired" to deprive him of constitutional rights "through a pattern of racketeering activity, including kidnapping, extortion, and forced labor," (Doc. 11 at 1), the FAC alleges no facts regarding the circumstances of the purported conspiracy and how this conspiracy amounts to a policy, practice, or custom that resulted in his constitutional injuries. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Absent a formal governmental policy, [a plaintiff] must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'"); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 936 (S.D. Cal. 2022)

("Put more simply, Plaintiff must do more than allege in a conclusory fashion that the County maintains an unwritten policy or custom of permitting the types of wrongs Plaintiff experienced."). Instead, Plaintiff relies on his own seemingly isolated experiences. A plaintiff cannot demonstrate the existence of a policy based on a single occurrence or sporadic incidents of alleged unconstitutional action. *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). *See Oyenik v. Corizon Health*, 696 Fed. Appx. 792, 794 (9th Cir. 2017) (isolated or sporadic incidents are not sufficient to establish a policy or custom for *Monell* liability).

At bottom, the FAC simply parrots "[t]hreadbare recitals of the elements of a cause of action" that are "mere[ly] conclusory statements[.]" *Iqbal*, 556 U.S. at 678. As discussed above, the FAC is void of any facts that support or otherwise provide context regarding Defendant's alleged "meeting of the minds" in subjecting him to "kidnapping, extortion, and forced labor" and such other conduct that resulted in the violation of his constitutional rights. *See Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (dismissing section 1983 conspiracy claim where "[plaintiffs] could allege no specific facts to show any agreement between [complainant] and any of the named defendants").

Thus, even liberally construing the *Monell* and conspiracy allegations, the undersigned finds Plaintiff fails to state a claim. To the extent Plaintiff is able to cure these deficiencies by further amendment, he will be afforded the opportunity assuming he can do so in good faith.

**B.    Claim 2: Civil RICO**

To state a cognizable civil RICO claim, a plaintiff must allege facts showing: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,* 431 F.3d 353, 361 (9th Cir. 2005). "Racketeering activity" or "predicate acts" encompass a variety of criminal acts enumerated at 18 U.S.C. § 1961(1). *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010). To satisfy the "pattern" requirement, there must be at least two acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). Under some circumstances, two acts may not be sufficient. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806

F.2d 1393, 1399 (9th Cir. 1986) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985) (noting "in common parlance two of anything do not generally form a 'pattern.'")).

Plaintiff's RICO claim against the County of Kern fails because "'government entities are incapable of forming [the] malicious intent' necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991)) (dismissing RICO claims against city defendant based on predicate acts of, *inter alia*, extortion). Similarly, employees of a government agency acting in their official capacity may not be sued under RICO. *See Ochoa v. Housing Auth. of City of Los Angles*, 47 Fed. Appx. 484, 486 (9th Cir. 2002) (affirming dismissal of municipal defendants without leave to amend). *E.g.*, *Mehr v. Cnty. of Orange*, No. SACV 09-1158-AG (ANx), 2011 WL 13193323, at *8-9 (C.D. Cal. Jan. 5, 2011) ("the County of Orange is a government entity, and as a matter of law is an improper RICO defendant").

Even if a municipality could be a proper RICO defendant, Plaintiff's allegations in the FAC suffer other infirmities. Plaintiff alleges that Defendant and its administrative arms constituted a "RICO 'enterprise' that engaged in predicate acts" of kidnapping, extortion, and human trafficking. (Doc. 11 at 2). All three of those offenses are predicate acts under § 1961(1). However, Plaintiff fails to plead any facts that cognizably allege a pattern of racketeering activity. To the contrary, Plaintiff alleges a single alleged act occurring on a single identified date (August 31, 2023). *See* (Doc. 11 at 1).

Separately, Plaintiff fails to plead facts to cognizably allege any offense of kidnapping, extortion, or human trafficking. For instance, a RICO predicate act of extortion requires a showing of extortion and a nexus between the extortionate acts and interstate commerce. *Mehr*, 2011 WL 13193323, at *5 (citing *United States v. Atcheson*, 94 F.3d 1237, 1240–41 (9th Cir. 1997)). "Extortion means 'the obtaining of something of value from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, under color of official right.'" *Id.* (quoting 18 U.S.C. § 1951(b)(2)). Thus, to cognizably allege extortion, the pleader must allege (among other things) that a person received something of value from the victim of the alleged extortion." *Id.* (citing *United States v. McFall*, 558 F.3d 951, 956 (9th Cir. 2009)).

Plaintiff's FAC is devoid of allegations that either the Defendant, any RICO person or other party received anything of value from Plaintiff (the presumed RICO victim) by his consent or that Plaintiff was induced by another's wrongful conduct to part with something of value.

Similar to his failure to cognizably plead extortionate predicate acts, Plaintiff fails to cognizably plead the other predicate acts on which he relies in support of his RICO claim (kidnapping and human trafficking).

### C.  Claims 3-6: Detention Allegations

Plaintiff asserts that "[o]n August 31, 2023, [Defendant and its administrative arms] … conspired to deprive [him] … [and] subject[ed him] to repeated incarcerations from previous case #MM056331A filed 10/31/06 without lawful cause." He alleges that this supports his claims for false imprisonment in violation of the Fourth Amendment, double jeopardy in violation of the Fifth Amendment, and slavery and extortion as "rooted in the Thirteenth Amendment[.]" (Doc. 11 at 1, 7). These claims fail for a variety of reasons

First, as set forth above, because the single defendant named in Plaintiff's complaint (County of Kern) is a municipality, it may only be liable under § 1983 if Plaintiff pleads and proves that Defendant maintained a deliberately indifferent policy that was the "moving force" behind any constitutional violation suffered by Plaintiff. *Dougherty*, 654 F.3d at 900. Here, Plaintiff neither identifies in the FAC a formal policy nor otherwise pleads facts from which it may be inferred that Defendant carried out a policy, practice or custom leading to Plaintiff's alleged false imprisonment, slavery, or extortion. Single or sporadic alleged violations do not constitute a policy for *Monell* purposes. *McDade*, 223 F.3d at 1141; *Oyenik*, 696 Fed. Appx. at 794.

Separately, Plaintiff fails to allege facts plausibly stating a claim for false imprisonment. Plaintiff alleges Defendant, in conspiring against him, subjected him to "repeated incarcerations" from an identified, previous case that was filed on "10/31/06 without lawful cause[.]" (Doc. 11 at 1). Though allegations that he was unlawfully imprisoned twice from a previous case might support a cognizable claim, simply alleging there was no "lawful cause" for the incarcerations is inadequate. To satisfy the element of a false imprisonment/false arrest claim that Plaintiff's arrest

8

and incarceration were without lawful privilege, Plaintiff must allege sufficient facts to put Defendant on notice of the asserted absence of "lawful cause," including the circumstances of the previous case and the dates and lengths of time of the alleged repeated incarcerations.

As to Plaintiff's assertion of claims based on "double jeopardy," "[t]he Double Jeopardy Clause precludes 'a second prosecution for the same offense,' and prevents 'the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" *Barnes v. Hanford Super. Ct. Judge*, No. 1:20-cv-00390-AWI-SAB, 2020 WL 2992126, at *7 (E.D. Cal. June 4, 2020) (citing *Kansas v. Hendricks*, 521 U.S. 346, 369 (1997)). "This constitutional guarantee provides three forms of protection: [i]t prohibits 'a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.'" (*Id.*) (citing *United States v. Enas*, 255 F.3d 662, 665 (9th Cir. 2001)) (internal quotations omitted). Importantly, double jeopardy protections are not implicated here because those protections only apply in criminal proceedings. *Hoffman v. Sherman*, No. 1:17-cv-00721-AWI-BAM (PC), 2018 WL 623500, at *3 (E.D. Cal. Jan. 29, 2018) (citing *Breed v. Jones*, 421 U.S. 519, 528 (1975)). Thus, Plaintiff may not seek relief under the Fifth Amendment's Double Jeopardy Clause.

With respect to Plaintiff's claim of due process violations, the Fourteenth Amendment protects persons from deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV. To state a due process claim, the plaintiff must first "establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 480 (1983)).

Protected liberty interests may arise from the Constitution or from state law. *Wilkinson*, 545 U.S. at 221. "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted). When a protected liberty interest is implicated, the Due Process Clause provides certain procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The

9

1  amount of process or specific procedures required vary by context and the particular interest at
2  stake.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).
3       Here, the nature of Plaintiff's due process claim based on his detention allegations is not
4  entirely clear.  Although he alleges that Defendant, through its administrative arms, "repeatedly
5  subjected him to unlawful detention, double jeopardy, and coercive incarceration[,]" (Doc. 11 at
6  4), Plaintiff fails to allege sufficient facts from which the Court may infer the circumstances
7  regarding the deprivation of liberty interest to be free from repeated incarcerations without due
8  process of law.
9       Concerning Plaintiff's allegation of slavery and extortion, the Thirteenth Amendment
10 provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime
11 whereof the party shall have been duly convicted, shall exist within the United States, or any
12 place subject to their jurisdiction" and that "Congress shall have power to enforce this article by
13 appropriate legislation."  U.S. Const. Amend. XIII.  Here, the FAC provides no facts related to
14 any condition of slavery nor involuntary servitude other than the barebones assertion that
15 Defendant "conspired" to deprive him through a "pattern of racketeering activity" including
16 "extortion" and "forced labor."  Without more, the undersigned finds Plaintiff fails to state a
17 claim for violation of the Thirteenth Amendment.

18 **IV.    Conclusion and Order**

19      For the reasons set forth above, the Court finds the FAC fails to state any cognizable claim
20 against Defendant Kern County.  Because he may be able to cure the deficiencies in his pleading
21 noted above, Plaintiff will be granted leave to further amend his complaint to the extent he is able
22 to do so in good faith.  *Lopez*, 203 F.3d at 1130.
23      If Plaintiff wishes to file a second amended complaint, any such amended complaint
24 should be brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to
25 the deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79).  Although accepted
26 as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative
27 level[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change
28

10

the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints permitted).

Finally, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* E. D. Cal. Local Rule 220. The **amended complaint must be complete in itself without reference to the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no longer serves any function in the case. Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order.**

Accordingly, it is hereby ORDERED:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form; and
2. **Within 21 days** from the date of service of this order, Plaintiff must either:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order; or
   b. File a notice expressing Plaintiff's desire to proceed on the first amended complaint as filed, following which the undersigned will recommend that the complaint be dismissed; or
   c. File a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 2, 2025**                      _____
                                              UNITED STATES MAGISTRATE JUDGE

11