1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN MASSENGALE,                    Case No. 1:24-cv-00066-JLT-CDB

12              Plaintiff,                FINDINGS AND RECOMMENDATIONS TO
                                          DISMISS ACTION FOR FAILURE TO STATE
13        v.                              A CLAIM

14   KERN COUNTY MUNICIPALITY,            (Doc. 13)

15              Defendant.                **14-DAY OBJECTION PERIOD**

16

17

18        Plaintiff Kevin Massengale ("Plaintiff") is a former pretrial detainee proceeding pro se and

19   *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (Docs. 1, 9).  Plaintiff

20   originally filed his complaint in the United States District Court for the Central District of

21   California on December 19, 2023.  (Doc. 1).  The action was transferred to this Court on January

22   16, 2024.  (Docs. 5-6).  On January 25, 2024, at the Court's direction, Plaintiff filed a notice of

23   related cases in which he identified as related cases No. 1:24-cv-00065-JLT-CDB ("*Massengale*

24   *I*") and 1:24-cv-00010-SKO.  (Doc. 8).

25        The Court issued its first screening order on March 18, 2025, finding Plaintiff's complaint

26   failed to state any cognizable claim against Defendant "Kern County Municipality" and granting

27   leave to amend his complaint.  (Doc. 10).  Following Plaintiff's timely filing of a first amended

28   complaint (Doc. 11), on May 2, 2025, the Court issued its second screening order, finding that

1   Plaintiff's first amended complaint again failed to state any cognizable claim against Defendant

2   "Kern County" and granting leave to amend his complaint.  (Doc. 12).

3   　　　　On May 21, 2025, Plaintiff timely filed a second amended complaint ("SAC").  (Doc. 13).

4   The undersigned has screened Plaintiff's SAC and finds that it fails to state a claim.  Accordingly,

5   and because the Court previously extended to Plaintiff two opportunities to amend his claims to

6   remedy identified deficiencies and it appears further amendment would be futile, the undersigned

7   will recommend that this action be dismissed without further leave to amend.

8   **I.　　Screening Requirement**

9   　　　　Because Plaintiff was granted status to proceed *in forma pauperis*, pursuant to 28 U.S.C. §

10  1915(e)(2)(B), this Court must screen his complaint and dismiss the action if it is "frivolous or

11  malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against

12  an immune defendant.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*)

13  ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that

14  fails to state a claim."); *see also id.* at 1129 ("section 1915(e) applies to all *in forma pauperis*

15  complaints, not just those filed by prisoners.").

16  　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader

17  is entitled to relief…" Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required but

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

19  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

20  550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a

21  claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a

22  cognizable legal theory.  *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23  　　　　Pleadings by self-represented litigants are to be liberally construed.  *See Haines v. Kerner*,

24  404 U.S. 519, 520-21 (1972).  However, "the liberal pleading standard . . . applies only to a

25  plaintiff's factual allegations," not his legal theories.  *Neitzke v. Williams*, 490 U.S. 319, 330 n .9

26  (1989).  Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential

27  elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d

28  1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not

1    required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

2    (9th Cir. 2009) (internal quotation marks & citation omitted).

3    **II.    Plaintiff's SAC Allegations**[1]

4    In the SAC, Plaintiff names the County of Kern as Defendant.  (Doc. 13 at 1).  Plaintiff

5    alleges that this action arises from Defendant's "unlawful conspiracy to detain [him] under an

6    expired statute of limitations, extort $50,000 for release, and deny basic constitutional rights,

7    including religious freedom and protection from double jeopardy." *Id.* at 2.

8    Under a heading labeled "RICO Allegations[,]" he alleges that Kern County, through its

9    "judicial and law enforcement agencies" of the Kern County Superior Court (Mojave Branch) and

10   the Kern County Sheriff's Office, "formed an enterprise to extort money via unlawful detentions,

11   systematically charging fees for release and communication" and committed extortion under 18

12   U.S.C. § 1951 by demanding payment "under color of law and fraud … by concealing expired

13   statutes." *Id.*  He alleges this pattern of conduct affected interstate phone and banking systems in

14   violation of 28 U.S.C. § 1962(c) and constituted kidnapping under 18 U.S.C. § 1201 "by holding

15   Plaintiff against his consent under excessive confinement for 28 days" which he contends satisfies

16   the "pattern" requirement. *Id.*  He alleges the Kern County Superior Court and the Sherriff's Office

17   are considered the enterprise through the County of Kern's racketeering activities. *Id.*

18   In a section labeled "Double Jeopardy[,]" he alleges that on August 31, 2023, the Kern

19   County Superior Court (Mojave Branch) unlawfully detained him for seven days for exercising his

20   right to freedom of speech and based on charges "tied to a long-expired statute of limitations from

21   a 2006 case." *Id.*  He alleges this injustice was compounded later on September 7, 2023, when he

22   was subjected to an additional 21 days of confinement for the same void vase "which he had already

23   served [eight (8)] days in 2006." *Id.* at 2-3; *see id.* at 4 ¶¶ 1, 2.  He alleges that this repeated

24   incarceration for the same offense "17 years after the fact" violates his right against double jeopardy

25   under the Fifth Amendment. *Id.* at 3.  He alleges that the Kern County Sheriff's Office's failure to

26

27   _____

28   [1] The undersigned accepts Plaintiff's allegations in the SAC as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1    conduct "even a basic screening for probable cause or to recognize the expired statute of limitations

2    demonstrates deliberate indifference to [his] rights." *Id.*

3        Plaintiff alleges that his confinement violated his religious freedoms under the First

4    Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") as the

5    Sheriff's Department denied him access to a proper religious diet throughout his 28-day

6    confinement. *Id.* He further alleges that these actions, through the Sheriff's Department's unlawful

7    activities in "knowingly enforcing invalid charges, violating constitutional safeguards, and

8    engaging in a pattern of predatory confinement" meet the threshold for predicate crimes under the

9    Racketeer Influenced and Corrupt Organizations ("RICO") Act. *Id.*

10       In a section titled "Factual Allegations[,]" Plaintiff alleges various one-line statements,

11   including: "Ransom/Bond: Extorted $50,000 for release under threat of continued detention"

12   (citing *Manuel v. Joliet*, 580 U.S. 357 (2017)); "Religious Discrimination: Denied halal/kosher

13   meals, violating RLUIPA and First Amendment" (citing *Holt v. Hobbs*, 574 U.S. 352 (2015));

14   "Phone Call Extortion: Forced payment for communication, violating [d]ue [p]rocess"; and

15   "Conspiracy: Coordinated effort under RICO …, with predicate acts of extortion and kidnapping."

16   *Id.* at 4.

17       Plaintiff asserts five causes of action, each with a one-sentence allegation. *See id.* at 4-5.

18   In the first claim for unlawful detention under Section 1983, he alleges "[d]etention without

19   probable cause on expired charges violates Fourth Amendment[.]" *Id.* In the second claim for

20   violations of RICO, he alleges "[p]attern of racketeering (extortion, wire fraud) by Defendants."

21   *Id.* In the third claim for double jeopardy under the Fifth Amendment, he alleges "[r]e-prosecution

22   after detention." *Id.* at 5. In the fourth claim for violations of the RLUIPA and First Amendment,

23   he alleges "[s]ubstantial burden on religious practice[.]" *Id.* In the fifth claim for failure to

24   train/screen based on *Monell* liability, he alleges "[c]ounty policies caused constitutional harm[.]"

25   *Id.* (citing *Connick v. Thompson*, 563 U.S. 51 (2011)). Lastly, he alleges state law claims of false

26   imprisonment and intentional infliction of emotional distress without any supporting allegations.

27   *Id.*

28

4

1    In his request for relief, Plaintiff demands compensatory and punitive damages of $28
2    million total based on $1 million per day for 28 days total, declaratory judgment invalidating the
3    County of Kern's unconstitutional policies, and injunctive relief for the expungement of records
4    and to dismantle the "racketeering enterprise and reform detention practices." *Id.*

5    Plaintiff's SAC alleges evidence through five exhibits: (1) Exhibit A, 2006 and 2023
6    detention records with a bail/ransom amount of $50,000.00; (2) Exhibit B, fraudulent documents
7    with altered offense dates to fit within jurisdictional timeframe "under penalty of perjury approved
8    by Judge"; (3) & (4) Exhibits C and D, complaints to the detention facility for denied halal/kosher
9    meals; and (5) Exhibit E, "religious diet requests denial response." *Id.* at 5-6.

10   **III.    Discussion**

11   The undersigned finds that even under a liberal construction of Plaintiff's SAC, the SAC
12   fails to state a cognizable claim.  The claims are screened as set forth below.

13   **A.    Claim 5: *Monell* Liability Based on Failure to Train/Screen**

14   As with his first amended complaint, in the SAC, Plaintiff names County of Kern, through
15   its "judicial and law enforcement agencies" of the Kern County Superior Court-Mojave Branch and
16   the Kern County Sheriff's Office, as Defendant in this action.  (Doc. 13 at 2).  City or county
17   governments, including departments within them, cannot be held liable under section 1983 for the
18   acts of an employee. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978).
19   Instead, local governments "can be sued directly under [Section] 1983 for monetary, declaratory,
20   or injunctive relief where … the action that is alleged to be unconstitutional implements or executes
21   a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that
22   body's officers." *Id.* at 690.  "In order to establish liability for governmental entities under *Monell*,
23   a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was
24   deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate
25   indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind
26   the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

27   Here, Plaintiff again fails to state a claim under *Monell* as the SAC fails to sufficiently allege
28   any policy, practice, or custom of the County of Kern or its "judicial and law enforcement agencies"

that is "the moving force behind [his alleged] constitutional violation[s]." *Id*.  Although it appears Plaintiff intends to implicate a policy, practice or custom by alleging that Defendant "formed an enterprise" to harm him through a "pattern of conduct" (Doc. 13 at 2), the SAC alleges no facts regarding the circumstances of the purported enterprise and how this enterprise amounts to a policy, practice, or custom that resulted in his constitutional injuries; indeed, Plaintiff states his claim under *Monell* is based on the failure to train/screen without providing any facts in support thereof.  *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Absent a formal governmental policy, [a plaintiff] must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'"); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 936 (S.D. Cal. 2022) ("Put more simply, Plaintiff must do more than allege in a conclusory fashion that the County maintains an unwritten policy or custom of permitting the types of wrongs Plaintiff experienced.").  Instead, for the apparent purpose of pleading a pattern of conduct by Defendant, Plaintiff appears to rely on the allegation that he alone was subjected to confinement for 28 days.  A plaintiff cannot demonstrate the existence of a policy based on a single occurrence or sporadic incidents of alleged unconstitutional action.  *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).  *See Oyenik v. Corizon Health*, 696 Fed. Appx. 792, 794 (9th Cir. 2017) (isolated or sporadic incidents are not sufficient to establish a policy or custom for *Monell* liability).

At bottom, Plaintiff's *Monell* allegations simply parrot "[t]hreadbare recitals of the elements of a cause of action" that are "mere[ly] conclusory statements[.]"  *Iqbal*, 556 U.S. at 678.  As discussed above, the SAC is void of any facts that support or otherwise provide context regarding Defendant's alleged enterprise in subjecting Plaintiff to confinement for 28 days.  *See Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (dismissing section 1983 conspiracy claim where "[plaintiffs] could allege no specific facts to show any agreement between [complainant] and any of the named defendants").

Thus, even liberally construing the *Monell* allegations, the undersigned finds Plaintiff fails to state a claim.  Because Plaintiff already was provided two opportunities to amend his *Monell* claim and he has repeatedly failed to state a claim, the undersigned finds that further amendment of the claim is futile.  Accordingly, the undersigned recommends this claim be dismissed.

1    *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to

2    amend when amendment would be futile").

3         **B.     Claim 2: Civil RICO**

4         To state a cognizable civil RICO claim, a plaintiff must allege facts showing: (1) conduct

5    (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's

6    business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,* 431 F.3d 353, 361

7    (9th Cir. 2005). "Racketeering activity" or "predicate acts" encompass a variety of criminal acts

8    enumerated at 18 U.S.C. § 1961(1). *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir.

9    2010). To satisfy the "pattern" requirement, there must be at least two acts of racketeering activity

10   within a ten-year period. 18 U.S.C. § 1961(5). Under some circumstances, two acts may not be

11   sufficient. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th

12   Cir. 1986) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985) (noting "in common

13   parlance two of anything do not generally form a 'pattern.'")).

14        Plaintiff's RICO claim against the County of Kern again fails because "'government entities

15   are incapable of forming [the] malicious intent' necessary to support a RICO action." *Pedrina v.

16   Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*,

17   940 F.2d 397, 404 (9th Cir. 1991)) (dismissing RICO claims against city defendant based on

18   predicate acts of, *inter alia*, extortion). Similarly, employees of a government agency acting in

19   their official capacity may not be sued under RICO. *See Ochoa v. Housing Auth. of City of Los

20   Angles*, 47 Fed. Appx. 484, 486 (9th Cir. 2002) (affirming dismissal of municipal defendants

21   without leave to amend). *E.g.*, *Mehr v. Cnty. of Orange*, No. SACV 09-1158-AG (ANx), 2011 WL

22   13193323, at *8-9 (C.D. Cal. Jan. 5, 2011) ("the County of Orange is a government entity, and as

23   a matter of law is an improper RICO defendant").

24        Even if a municipality could be a proper RICO defendant, Plaintiff's allegations in the SAC

25   suffer the same infirmities as noted in the Court's previous screening orders. *See* (Docs. 10, 12).

26   Plaintiff alleges that Defendant and its "judicial and law enforcement agencies" constituted an

27   "enterprise" that engaged in extortion "via unlawful detentions" and other "pattern of conduct"

28   including kidnapping by holding him against his consent in confinement for 28 days. (Doc. 13 at

7

2).  These alleged offenses of extortion and kidnapping are predicate acts under § 1961(1).  However, Plaintiff fails to plead any facts that cognizably allege a pattern of racketeering activity.  His allegation that he was subjected to detention for seven days beginning on August 31, 2023, and for an additional 21 days on September 7, 2023, do not appear to constitute a "pattern."  *See Schreiber Distrib. Co.*, 806 F.2d at 1399 (9th Cir. 1986) (citing *Imrex Co*., 473 U.S. at 496 n.14 (noting "in common parlance two of anything do not generally form a 'pattern.'")).

Separately, Plaintiff fails to plead facts to cognizably allege any offense of kidnapping or extortion.  For instance, a RICO predicate act of extortion requires a showing of extortion and a nexus between the extortionate acts and interstate commerce.  *Mehr*, 2011 WL 13193323, at *5 (citing *United States v. Atcheson*, 94 F.3d 1237, 1240–41 (9th Cir. 1997)).  "Extortion means 'the obtaining of something of value from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, under color of official right.'"  *Id.* (quoting 18 U.S.C. § 1951(b)(2)).  Thus, to cognizably allege extortion, the pleader must allege (among other things) that a person received something of value from the victim of the alleged extortion."  *Id.* (citing *United States v. McFall*, 558 F.3d 951, 956 (9th Cir. 2009)).  Plaintiff's SAC alleges that Defendant committed extortion by demanding payment under color of law and fraud, "affecting interstate phone/banking systems" in violation of 28 U.S.C. 7 1962(c).  However, these conclusory allegations, without more, fail to detail a nexus between the purported extortionate acts and interstate commerce.  Indeed, the SAC is devoid of allegations that either Defendant, any RICO person or other party received anything of value from Plaintiff (the presumed RICO victim) by his consent or that Plaintiff was induced by another's wrongful conduct to part with something of value.

Similar to his failure to cognizably plead extortionate predicate acts, Plaintiff fails to cognizably plead the other predicate acts on which he relies in support of his RICO claim (kidnapping).

Thus, Plaintiff again fails to state a claim for civil RICO.  Because Plaintiff was provided two opportunities to amend this claim and he has repeatedly failed to state a claim, the undersigned finds that further amendment of the claim is futile.  Accordingly, the undersigned recommends this

claim be dismissed. *Hartmann*, 707 F.3d at 1130 ("A district court may deny leave to amend when amendment would be futile").

**C.    Claims 1, 3, and State Law False Imprisonment Claim: Detention and Double Jeopardy Allegations**

Plaintiff alleges that "[o]n August 31, 2023, [he] was unlawfully detained for [seven] days by the Kern County Mojave Court for exercising his constitutional protected right to freedom of speech and based on charges tied to a long-expired statute of limitations from a 2006 case" and that he was subject to an additional 21 days of confinement for the same case on September 7, 2023, "a case for which he had already served [eight] days in 2006." (Doc. 13 at 2-3). He asserts that "[t]his repeated incarceration for the same alleged offense, 17 years after the fact," supports his claims for double jeopardy in violation of the Fifth Amendment, detention without probable cause in violation of the Fourth Amendment, and state law claim for false imprisonment. These claims fail for a variety of reasons.

First, as set forth above, because the single defendant named in Plaintiff's complaint (County of Kern) is a municipality, it may only be liable under § 1983 if Plaintiff pleads and proves that Defendant maintained a deliberately indifferent policy that was the "moving force" behind any constitutional violation suffered by Plaintiff. *Dougherty*, 654 F.3d at 900. Here, Plaintiff neither identifies in the SAC a formal policy nor otherwise pleads facts from which it may be inferred that Defendant carried out a policy, practice or custom leading to Plaintiff's alleged false imprisonment, slavery, or extortion. Single or sporadic alleged violations do not constitute a policy for *Monell* purposes. *McDade*, 223 F.3d at 1141; *Oyenik*, 696 Fed. Appx. at 794.

Separately, Plaintiff fails to allege facts plausibly stating a claim for false imprisonment. Plaintiff alleges Defendant subjected him to "repeated incarceration" from an identified, previous case "for which he had already served [eight] days in 2006." (Doc. 13 at 3). Though allegations that he was unlawfully imprisoned twice from a previous case might support a cognizable claim, simply alleging that he was "unlawfully detained … based on charges tied to a 2006 case" for the incarcerations is inadequate. To satisfy the element of a false imprisonment/false arrest claim that Plaintiff's arrest and incarceration were without lawful privilege, Plaintiff must allege sufficient

1    facts to put Defendant on notice of the circumstances of the unlawful detention, including the

2    circumstances of the previous case and of the purported "long-expired statute of limitations" from

3    that "legally void" case.

4    As to Plaintiff's assertion of claims based on "double jeopardy," "[t]he Double Jeopardy

5    Clause precludes 'a second prosecution for the same offense,' and prevents 'the State from

6    'punishing twice, or attempting a second time to punish criminally, for the same offense.'" *Barnes*

7    *v. Hanford Super. Ct. Judge*, No. 1:20-cv-00390-AWI-SAB, 2020 WL 2992126, at *7 (E.D. Cal.

8    June 4, 2020) (citing *Kansas v. Hendricks*, 521 U.S. 346, 369 (1997)).  "This constitutional

9    guarantee provides three forms of protection: [i]t prohibits 'a second prosecution for the same

10   offense after acquittal, a second prosecution for the same offense after conviction, and multiple

11   punishments for the same offense.'" *Id.* (citing *United States v. Enas*, 255 F.3d 662, 665 (9th Cir.

12   2001)) (internal quotations omitted).  Importantly, double jeopardy protections are not implicated

13   here because those protections only apply in criminal proceedings. *Hoffman v. Sherman*, No. 1:17-

14   cv-00721-AWI-BAM (PC), 2018 WL 623500, at *3 (E.D. Cal. Jan. 29, 2018) (citing *Breed v.*

15   *Jones*, 421 U.S. 519, 528 (1975)).  Thus, Plaintiff may not seek relief under the Fifth Amendment's

16   Double Jeopardy Clause.

17   As Plaintiff was previously granted leave to amend his double jeopardy, detention, and false

18   imprisonment claims, and he again fails to state sufficient allegations to state those claims for the

19   same reasons articulated in the Court's previous screening orders (*see* Docs. 10, 12), the

20   undersigned finds that further amendment of these claims is futile.  Accordingly, the undersigned

21   will recommend these claims be dismissed without further leave to amend. *Hartmann*, 707 F.3d at

22   1130.

23   **D.      Claim 4: Violations of the RLUIPA and the First Amendment**

24   Plaintiff alleges that his confinement violated his religious freedoms under the First

25   Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") as the

26   Sheriff's Department denied him access to a proper religious diet throughout his 28-day

27   confinement.  (Doc. 13 at 3).

28

1    "Inmates retain the protections afforded by the First Amendment, 'including its directive

2    that no law shall prohibit the free exercise of religion.'" *Shakur v. Schriro*, 514 F.3d 878, 883-84

3    (9th Cir. 2008) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987)); *see Hartmann*, 707

4    F.3d at 1122 ("The First Amendment, applicable to state action by incorporation through the

5    Fourteenth Amendment, prohibits government from making a law prohibiting the free exercise [of

6    religion]. The Supreme Court has repeatedly held that prisoners retain the protections of the First

7    Amendment."). However, "'[l]awful incarceration brings about the necessary withdrawal or

8    limitation of many privileges and rights, a retraction justified by the considerations underlying our

9    penal system.'" *Id.* To merit protection under the free exercise clause of the First Amendment, a

10   religious claim must satisfy two criteria: "(1) the [plaintiff's] proffered belief must be sincerely

11   held; the First Amendment does not extend to so-called religions which ... are obviously shams and

12   absurdities and whose members are patently devoid of religious sincerity[; and (2)] the claim must

13   be rooted in religious belief, not in purely secular philosophical concerns." *Malik v. Brown*, 16

14   F.3d 330, 333 (9th Cir. 1994).

15   Additionally, "[a] person asserting a free exercise claim must show that the government

16   action in question substantially burdens the person's practice of her religion." *Jones v. Williams*,

17   791 F.3d 1023, 1031 (9th Cir. 2015). "When a prison regulation impinges on inmates'

18   constitutional rights, the regulation is valid if it is reasonably related to legitimate penological

19   interests." *Shakur*, 514 F.3d at 883-84 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The four

20   factors to be balanced in determining whether a prison regulation is reasonably related to legitimate

21   penological interests include: (1) whether there is a valid, rational connection between the prison

22   regulation and the legitimate governmental interest put forward to justify it; (2) whether there are

23   alternative means of exercising the right that remain open to inmates; (3) whether accommodation

24   of the asserted constitutional right will impact guards and other inmates, and on the allocation of

25   prison resources generally; and (4) whether there is an absence of ready alternatives versus the

26   existence of obvious, easy alternatives. *See Turner*, 482 U.S. at 89-90.

27   The RLUIPA provides in relevant part that "'[n]o government shall impose a substantial

28   burden on the religious exercise of a person residing in or confined to an institution … even if the

11

1   burden results from a rule of general applicability,' unless the government demonstrates the burden

2   is 'in furtherance of a compelling government interest' and 'is the least restrictive means of

3   furthering that compelling government interest.'"  *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir.

4   2015) (citing 42 U.S.C. § 2000cc-1(a)).  "To state a claim under RLUIPA, a [plaintiff] must show

5   that: (1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially

6   burdened that exercise."  *Id.* (citing *Shakur*, 514 F.3d at 888-89); *see Greene v. Solano County*

7   *Jail*, 513 F.3d 982, 987 (9th Cir. 2008).  "RLUIPA does not define 'substantial burden,' but [the

8   Ninth Circuit] has held that 'a substantial burden on religious exercise must impose a significantly

9   great restriction or onus upon such exercise.'"  *Hartmann*, 707 F.3d at 1124–25 (citing *San Jose*

10  *Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).  "In the context of a

11  prisoner's constitutional challenge to institutional policies, this court has held that a substantial

12  burden occurs 'where the state ... denies [an important benefit] because of conduct mandated by

13  religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to

14  violate his beliefs.'"  *Id.* (citing *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)).

15        To begin with, as noted above, because the single defendant named in Plaintiff's complaint

16  (County of Kern) is a municipality, it may only be liable under § 1983 if Plaintiff pleads and proves

17  that Defendant maintained a deliberately indifferent policy that was the "moving force" behind any

18  constitutional violation suffered by Plaintiff.  *Dougherty*, 654 F.3d at 900.  Here, Plaintiff neither

19  identifies in the SAC a formal policy nor otherwise pleads facts from which it may be inferred that

20  Defendant carried out a policy, practice or custom leading to Plaintiff's alleged false imprisonment,

21  slavery, or extortion.  Single or sporadic alleged violations do not constitute a policy for *Monell*

22  purposes.  *McDade*, 223 F.3d at 1141; *Oyenik*, 696 Fed. Appx. at 794.

23        Moreover, in considering the merits of Plaintiff's First Amendment claim, the claim is

24  further deficient as he has not sufficiently alleged that Defendant substantially burdened the

25  practice of any religion by denying him access to a "proper religious diet" during his 28-day

26  incarceration or from otherwise engaging in conduct mandated by his faith.  Indeed, Plaintiff fails

27  to identify his religious belief or allege whether that belief is sincerely held or illustrate how his

28  claim is rooted in that belief.  *Malik*, 16 F.3d at 333.  Plaintiff has also failed to allege any facts as

1    to any regulation of Defendant related to his religious claims and how that regulation is not related

2    to any legitimate penological interests.   Thus, Plaintiff fails to state a claim under the First

3    Amendment.

4           Additionally, Plaintiff's conclusory allegation also fails to state a claim under the RLUIPA.

5    Plaintiff's assertion that he was denied access to a proper religious diet falls short of showing that

6    he takes part in a religious exercise and does not identify what that religious exercise entails.   Nor

7    does the SAC provide sufficient factual context to illustrate the substantial burden he faced on that

8    unidentified religious exercise.   Thus, Plaintiff fails to state a claim under either the First

9    Amendment or the RLUIPA.

10           Because it does not appear Plaintiff may be able to save these claims through further

11   amendment, especially given Plaintiff's repeated failure to state a claim against municipal

12   Defendant County of Kern by failing to allege a policy, practice, or custom to support a claim to

13   redress constitutional violations under Section 1983, the undersigned will recommend Plaintiff's

14   religious claims here against County of Kern, as with the other claims as set forth above, be

15   dismissed without leave to amend.   *Hartmann*, 707 F.3d at 1130.

16           **E.      State Law Claim for Intentional Infliction of Emotional Distress**

17           To state a claim for intentional infliction of emotional distress ("IIED") in California, a

18   plaintiff must show three elements: "(1) extreme and outrageous conduct by the defendant with the

19   intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

20   plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of

21   the emotional distress by the defendant's outrageous conduct."   *Lawler v. Montblanc N. Am., LLC*,

22   704 F.3d 1235, 1245 (9th Cir. 2013) (citation omitted).   Conduct is "outrageous" or "extreme"

23   where it "exceed[s] all bounds of that usually tolerated in a civilized society."   *Schneider v. TRW,*

24   *Inc.*, 938 F.2d 986, 992 (9th Cir. 1991) (citation omitted).

25           Here, the SAC alleges that the Sheriff's Department's denial to him of access to a proper

26   religious diet throughout his 28-day incarceration inflicted upon him "unnecessary physical and

27   emotional harm[.]"   (Doc. 13 at 3).   Liberally construed, the SAC fails to state a claim for IIED.

28   The SAC does not allege that Defendant's depriving him of a religious diet was intentional or with

1    reckless disregard of causing him emotional distress or that the harm he faced was severe, extreme,

2    or outrageous.  *Lawler*, 704 F.3d at 1245.  Thus, Plaintiff fails to state a claim for IIED.

3           Further, because the undersigned recommends dismissal of all of Plaintiff's other claims

4    over which it has original jurisdiction as set forth above, the undersigned will recommend the Court

5    exercise its discretion to decline to adjudicate Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c);

6    *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if federal claims are

7    dismissed before trial...the state claims should be dismissed as well"); *Neylon v. Cnty. of Inyo*, No.

8    1:16-CV-0712 AWI JLT, 2018 WL 3740535, at *8 (E.D. Cal. Aug. 3, 2018) (same).

9

10

11                        *Remainder of This Page Intentionally Left Blank*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **IV.    <u>Conclusion and Recommendation</u>**

2        For the reasons set forth above, it is hereby RECOMMENDED that:

3        1.   The Court DISMISS this action (Doc. 13) without leave to amend for failure to state a

4             claim upon which relief can be granted.

5        2.   The Clerk of the Court is DIRECTED to close this case.

6        These Findings and Recommendations will be submitted to the United States District Judge

7    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **<u>Within 14 days</u>** after

8    being served with a copy of these Findings and Recommendations, a party may file written

9    objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to

10   Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave

11   of Court and good cause shown.  The Court will not consider exhibits attached to the Objections,

12   but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages

13   filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing

14   these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any

15   objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson*

16   *v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

17   IT IS SO ORDERED.

18       Dated:   **October 3, 2025**

19                                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28