UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY MUNICIPALITY,<br><br>Defendant. | Case No. 1:24-cv-00066-JLT-CDB<br><br>ORDER VACATING OCTOBER 3, 2025, FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 14, 16)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>(Doc. 15)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND PROCEED ON COGNIZABLE CLAIMS OF THIRD AMENDED COMPLAINT<br><br>(Doc. 17)<br><br>**14-DAY OBJECTION PERIOD** |

I.      **Relevant Background**

Plaintiff Kevin Massengale ("Plaintiff") is a former pretrial detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (Docs. 1, 9).

The Court issued its first screening order on March 18, 2025, finding Plaintiff's complaint failed to state any cognizable claim against Defendant "Kern County Municipality" and granting

leave to amend his complaint. (Doc. 10). Following Plaintiff's filing of a first amended complaint (Doc. 11), on May 2, 2025, the Court issued its second screening order, finding that Plaintiff's first amended complaint again failed to state any cognizable claim against Defendant "Kern County" and granting leave to amend his complaint. (Doc. 12).

Following Plaintiff's timely filing of a second amended complaint ("SAC"), on October 3, 2025, the undersigned issued findings and recommendations to dismiss the action for failure to state a claim, finding that further amendment would be futile as Plaintiff failed to remedy identified deficiencies after he twice was granted leave to amend his claims. (Doc. 14). The findings and recommendations were served on Plaintiff and contained notice that any objections were to be filed within 14 days of the date of service thereof. *Id.* at 15.

## II.    Order Vacating Findings and Recommendations and Granting Plaintiff's Motion for Leave to File Third Amended Complaint

On October 17, 2025, Plaintiff timely filed objections to the findings and recommendations and a motion for leave to file his lodged third amended complaint ("TAC"). (Docs. 15-17). In his objections, Plaintiff concedes that his SAC "incorporates inartful legal theories" under RICO and double jeopardy and that the Court was correct to dismiss these claims but asserts that "[the SAC's] factual core alleges stark, plausible violations of the Fourth and Fifth Amendments … which are more than sufficient to state a claim" under § 1983. (Doc. 16 at 1-2, 4, 9). Plaintiff argues he should be granted an additional opportunity for further amendment because he can cure the deficiencies identified by the Court. *Id.* at 10. Plaintiff asserts that his proposed TAC cures the defects identified in the Court's second screening order by removing legally untenable claims, clarifying his allegations, and specifically pleading a policy under *Monell*. (Doc. 15 at 2-3).

Based on Plaintiff's representations supporting his motion for one final opportunity to amend, the undersigned finds good cause to vacate the October 3, 2025, findings and recommendations to dismiss the action. Further, because the undersigned finds that Plaintiff's proposed, lodged TAC states a cognizable claim under *Monell* based on violation of his Fourth Amendment rights and a state law false imprisonment claim but fails to state any other claim, the undersigned will grant Plaintiff's motion for leave to file his lodged TAC as his operative pleading

and issue findings and recommendations in screening the TAC as set forth below. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'") (citation omitted); *Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality.'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

### III.    Findings and Recommendations

The undersigned proceeds to screen Plaintiff's lodged TAC.

#### A.    Screening Requirement

##### 1.    Federal Rule of Civil Procedure 8(a)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also id.* at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d

1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

### 2.   Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### B.   Plaintiff's Allegations of the TAC[1]

In the TAC, Plaintiff asserts claims against Defendant County of Kern. (Doc. 17 at 1). Plaintiff alleges that in 2006, he was arrested and detained for eight days on charges related to a single count of misdemeanor domestic violence and that "the time for prosecuting this charge expired in 2007" under the applicable statute of limitations. *Id.* at 1-2. Plaintiff was released after serving eight days in pretrial detention as the 2006 case was never brought to trial and resulted in no conviction. *Id.* at 2.

---

[1] The undersigned accepts Plaintiff's allegations in the TAC as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On August 21, 2023, Plaintiff was arrested by Kern County Sheriff's Office deputies based on a warrant issued for the same 2006 charge. *Id.* Plaintiff alleges that at the time of this arrest, the statute of limitations had been expired for approximately 16 years. Plaintiff returned to state court on September 7, 2023, and was transported back to jail at the Kern County Sheriff's Detention Facility without any legal basis for the arrest or detention and was held on a $50,000 bond. *Id.* Plaintiff remained in custody for 28 days from August 31, 2023, to September 28, 2023, "solely due to his inability to pay the $50,000 bond for a legally void charge." *Id.* Plaintiff alleges that Defendant knowingly ignored the expired statute of limitations as evidenced by internal jail records which list the offense date as "2006" next to a field for "statute of limitations expired[.]" *Id.*

Plaintiff alleges that he is a "devout Vegan" with "sincerely held religious beliefs against non-violence toward animal[s that] requires him to consume non-dairy, non-meat, no animal base food." *Id.* at 3. Plaintiff alleges that upon booking into jail, he immediately submitted a request for a religious diet but despite "repeated verbal requests and written grievances" the Kern County Sheriff's Office denied him access to vegan option meals for the entire 28-day period of his confinement, "forcing him to choose between eating non-compliant food or starving." *Id.* Plaintiff attempted to mitigate the burden by purchasing vegan-compliant food from the commissary but was denied by jail staff of these purchases. Plaintiff alleges that the official response to his grievance stated that he "will receive a no bean allergy diet only." Plaintiff alleges he was told by at least two deputies on different occasions that religious meals are not provided for short-term inmates.

Plaintiff alleges that his unlawful detention was not an isolated incident but was caused by the County's official policies, customs, and practices, including a custom of inadequate screening based on a "widespread practice within the Kern County Sheriff's Office of failing to train and require its deputies and booking clerks to conduct a basic probable cause screening for the validity of warrants, including checking the statute of limitations." *Id.* at 4. He alleges Defendant has an "official policy or custom of denying religious diet accommodations to inmates deemed 'short-term,' despite the substantial burden it places on religious exercise, as applied to [him]." *Id.* Plaintiff further alleges that Defendant failed to train its law enforcement and detention personnel

on the fundamental requirement that a time-barred charge cannot provide probable cause for detention and their obligations under RLUIPA and the First Amendment, and this failure "amounts to deliberate indifference to the constitutional protected rights of persons within Kern County, as such violations were a highly predictable consequence of the lack of training." *Id.*

In Count I, Plaintiff asserts a Section 1983 claim for unlawful seizure and detention in violation of the Fourth and Fourteenth Amendments. *Id.* at 4-5. Plaintiff alleges that Defendant, acting under color of state law, seized and imprisoned him without probable cause as the sole basis for his detention was a charge that was void due to the expiration of the statute of limitations. *Id.* at 5. He alleges that as a direct and proximate result of this unlawful detention, he was deprived of his liberty for 28 days and suffered severe emotional distress, humiliation, and mental anguish. *Id.*

In Count II, Plaintiff asserts a Section 1983 claim for violation of RLUIPA and the First Amendment, alleging that Defendant, through an official policy and custom, imposed a substantial burden on his sincerely held religious beliefs by systematically denying him a religious diet, and this burden was not in furtherance of a compelling governmental interest and was not the least restrictive means of achieving any such interest. *Id.*

In Count III, Plaintiff asserts a *Monell* liability claim based on the constitutional violations raised in Counts I and II, alleging that the violations were directly caused by the County's official policies and customs of inadequate warrant screening and denying religious accommodations.[2] *Id.* at 5-6.

In Count IV, Plaintiff raises state law claims for false imprisonment and intentional infliction of emotional distress ("IIED"), alleging that Defendant, without privilege or consent or any legal justification, intentionally confined him within the fixed boundaries of the Kern County jail for 28 days, causing him IIED, and that he was conscious of the confinement and was harmed by it. *Id.* at 6.

Plaintiff seeks compensatory and punitive damages of $1 million per day of confinement for a total of $28 million for the deprivation of liberty, emotional distress, and for violation of his

---

[2] Because Count III under *Monell* is based on his claims under Section 1983, the undersigned treats Counts I and II as *Monell* claims. See (Doc. 17 at 5).

6

constitutional rights. *Id.* Plaintiff further seeks declaratory judgment that Defendant's policies and customs violate the Fourth and First Amendments and the RLUIPA, and injunctive relief to expunge records, order Defendant to revise its policies to mandate warrant validity and statute of limitations checks upon booking, to cease the practice of denying religious diet accommodations based on the length of an inmate's stay, and to implement comprehensive training on these issues. *Id.* at 6-7.

### C. Plaintiff Adequately Pleads a *Monell* Claim Based on Violation of the Fourth Amendment by Defendant County of Kern ("Count I")

#### 1. Governing Authority

City or county governments, including departments within them, cannot be held liable under section 1983 for the acts of an employee. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978). Instead, local governments "can be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where …the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. 690. "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)).

Thus, to state a Section 1983 claim against the County of Kern, a plaintiff would have to allege that a department policy or custom caused his injuries. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). This could be demonstrated by an unconstitutional policy, or that the department "through inaction, failed to implement adequate policies or procedures to safeguard" the constitutional rights of a jail detainee. *Id*. "Liability for improper custom … must be founded upon practices of sufficient duration, frequency and consistency that

the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

To hold a County liable for a failure to act, the plaintiff would need to demonstrate that the County or its department "exhibited deliberate indifference" to the violation of his rights. *Id*. A municipality is deliberately indifferent to the violation of constitutional rights where it has a policy that is "obviously, facially deficient," or where there is a "pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." *Id*. at 1142.

Accordingly, the undersigned considers below whether Plaintiff adequately alleges (1) a violation of a constitutional right, and (2) a deliberately indifferent policy, custom or practice by Defendant that caused the constitutional violation.

2.      Analysis

a.      **Constitutional Violation – Unlawful Seizure and Detention**

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV.  "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523, 528 (1967).

A claim for unlawful arrest and detention is cognizable under Section 1983 as a violation of the Fourth Amendment provided "the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).  To state a claim under Section 1983 for false arrest and detention, a plaintiff must allege facts demonstrating "that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)).  Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quotation omitted).

First, Plaintiff adequately alleges a Section 1983 claim for unlawful arrest and detention in violation of the Fourth Amendment. Plaintiff alleges that County of Kern unlawfully arrested and detained him for 28 days from August 31, 2023, to September 28, 2023, without probable cause for a charge that was void under the applicable statute of limitations. He alleges that the sole basis for his detention was based on a warrant issued for a 2006 charge that was void due to the expiration of the statute of limitations, which, at the time of his arrest, "had been expired for approximately 16 years." Therefore, Plaintiff has sufficiently alleged facts demonstrating that his arrest was without probable cause or other justification and that his resulting detention therefrom was unlawful. *Dubner*, 266 F.3d at 964.

b.    **Constitutional Violation – Failure to Train**

"Failure to train may constitute a basis for *Monell* liability where the failure amounts to deliberate indifference to the rights of those who deal with municipal employees. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (citing *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989)). "To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Id.* (citation omitted).

Here, Plaintiff sufficiently alleges that his unlawful detention was not an isolated incident but was caused by the County's failure to train its law enforcement and detention personnel on the requirement that a time-barred charge cannot provide probable cause for detention, and the failure amounts to deliberate indifference to the constitutional protected rights of persons within Kern County, "as such violations were a highly predictable consequence of the lack of training." (Doc. 17 at 4). Although Plaintiff would be required to present *evidence* of a constitutionally deficient training policy to survive a motion for summary judgment on this claim, at the pleading stage, Plaintiff's allegations are sufficient. *Cf. Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) (granting summary judgment to defendant; "Davis has failed to establish that there is a genuine issue of material fact regarding the existence of a policy of inadequate training … A

9

plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee."); *Hutton v. City of Berkeley Police Dep't*, No. 13-cv-03407-JCS, 2014 WL 4674295, at *14 (N.D. Cal. Sept. 9, 2014) (granting summary judgment to defendant; "Where, as here, a *Monell* claim is based on an alleged policy of constitutional violations based on deliberate indifference to the training and supervision of officers, a plaintiff must show that the city's decision-makers acted with deliberate indifference. … One way to demonstrate such a conscious disregard is to show that there is a pattern of constitutional violations on the part of officers that should have made it "plainly obvious" to the City that they were receiving inadequate training.").

c.    <b>Deliberately Indifferent Policy or Practice and Causation</b>

Second, Plaintiff adequately alleges a deliberately indifferent policy, custom or practice of Defendant that is "the moving force behind [Plaintiff's] alleged constitutional violation." *Dougherty*, 654 F.3d at 900; *see Trevino*, 99 F.3d at 918 ("Absent a formal governmental policy, [a plaintiff] must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'").

Plaintiff identifies Defendant County of Kern's custom of inadequate screening as a "widespread practice within the Kern County Sheriff's Office of failing to train and require its deputies and booking clerks to conduct a basic probable cause screening for the validity of warrants, including checking the statute of limitations." (Doc. 17 at 4). Plaintiff alleges his unlawful detention was not an isolated incident but caused by this custom or practice of Defendant. *Id.*

Thus, and construing all facts and allegations in favor of Plaintiff for the purposes of screening, the undersigned finds that Plaintiff has sufficiently alleged that County of Kern is liable under *Monell* for its deliberately indifferent custom or practice of inadequate screening for the validity of warrants and failure to train its deputies and booking clerks to conduct a probable cause screening, including to review issues regarding statutes of limitations, in violation of Plaintiff's Fourth Amendment right against unlawful arrest and detention.  However, as with his failure to train claim, to survive a motion for summary judgment, Plaintiff will bear the burden of presenting *evidence* sufficient to create a triable issue of fact that a such custom or practice exists.  *E.g.,*

10

*Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

**D.      Plaintiff Adequately Pleads a State Law False Imprisonment Claim**

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 757 (1997)).  The elements of a false imprisonment claim are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Maric v. Fresno Cnty.*, No. 1:12–cv–00102 LJO GSA, 2012 WL 3133477, at *8 (E.D. Cal. July 31, 2012) (citing *Easton v. Sutter Coast Hospital,* 80 Cal. App. 4th 484, 496 (2000)).

Plaintiff sufficiently alleges facts stating a state law claim for false imprisonment.  He alleges that Defendant subjected him to confinement "without privilege or consent, and without any legal justification" for 28 days and that he was "conscious of the confinement and was harmed by it." (Doc. 17 at 6).  He pleads that his unlawful confinement was based on Defendant "knowingly" ignoring the expired statute of limitations of the warrant for the 2006 charge and explains that the 2006 case "was never brought to trial and resulted in no conviction" and that the time for prosecuting this charge expired in 2007. *Id.* at 2.  Plaintiff attaches to his TAC "Exhibit A" which reflects that the charge against him was filed on October 31, 2006, although he was arrested on August 31, 2023.  *Id.* at 8.  These allegations put Defendant on notice of the circumstances of his unlawful detention, including the circumstances of his previous case and of the expired statute of limitations from that case.

**E.      Plaintiff Fails to Plead any other Cognizable Claim**

1.      <u>RLUIPA and First Amendment Claim ("Count II")</u>

Plaintiff alleges that Defendant's official policy and custom of denying him access to vegan option meals during his 28-day detention imposed a substantial burden on his sincerely held religious beliefs as a "devout vegan" by systematically denying him a religious diet. (Doc. 17 at 5).

"Inmates retain the protections afforded by the First Amendment, 'including its directive that no law shall prohibit the free exercise of religion.'" *Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987)); *see Hartmann*, 707 F.3d at 1122 ("The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, prohibits government from making a law prohibiting the free exercise [of religion]. The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment."). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Id.* To merit protection under the free exercise clause of the First Amendment, a religious claim must satisfy two criteria: "(1) the [plaintiff's] proffered belief must be sincerely held; the First Amendment does not extend to so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity[; and (2)] the claim must be rooted in religious belief, not in purely secular philosophical concerns." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

Additionally, "[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Shakur*, 514 F.3d at 883-84 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The four factors to be balanced in determining whether a prison regulation is reasonably related to legitimate penological interests include: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to inmates; (3) whether accommodation of the asserted constitutional right will impact guards and other inmates, and on the allocation of prison resources generally; and (4) whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives. *See Turner*, 482 U.S. at 89-90.

The RLUIPA provides in relevant part that "'[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution … even if the

burden results from a rule of general applicability,' unless the government demonstrates the burden is 'in furtherance of a compelling government interest' and 'is the least restrictive means of furthering that compelling government interest.'" *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (citing 42 U.S.C. § 2000cc-1(a)).  "To state a claim under RLUIPA, a [plaintiff] must show that: (1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise."   *Id.* (citing *Shakur*, 514 F.3d at 888-89); *see Greene v. Solano County Jail*, 513 F.3d 982, 987 (9th Cir. 2008).  "RLUIPA does not define 'substantial burden,' but [the Ninth Circuit] has held that 'a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise.'" *Hartmann*, 707 F.3d at 1124–25 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).  "In the context of a prisoner's constitutional challenge to institutional policies, this court has held that a substantial burden occurs 'where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id.* (citing *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)).

As noted above, because the single defendant named in Plaintiff's TAC (County of Kern) is a municipality, it may only be liable under § 1983 if Plaintiff pleads and proves that Defendant maintained a deliberately indifferent policy that was the "moving force" behind any constitutional violation suffered by Plaintiff.  *Dougherty*, 654 F.3d at 900.  Here, Plaintiff adequately alleges that Defendant County of Kern has an "official policy or custom of denying religious diet accommodations to inmates deemed 'short-term,' despite the substantial burden it places on religious exercise, as applied to Plaintiff" and that the failure to train its law enforcement and detention personnel on their obligations under the RLUIPA and the First Amendment amounts to deliberate indifference to the constitutional protected rights of persons within Kern County.  (Doc. 17 at 4).

However, Plaintiff's First Amendment claim is deficient as he has not adequately alleged that Defendant substantially burdened the practice of any religion by denying him access to a "proper religious diet" during his 28-day incarceration or from otherwise engaging in conduct mandated by his faith.  Indeed, Plaintiff's allegation that he is a "devout vegan" with "sincerely

13

held religious beliefs against non-violence towards animals" does illustrate how his claim is "rooted in religious belief" but rather stems from "purely secular philosophical concerns." *Malik*, 16 F.3d at 333. Plaintiff also has failed to allege any facts as to any regulation of Defendant related to his religious claims and how that regulation is not related to any legitimate penological interests. Thus, Plaintiff fails to state a claim under the First Amendment.

Additionally, Plaintiff also fails to state a claim under the RLUIPA. Plaintiff's assertion that he was denied access to a proper religious diet falls short of showing that he takes part in a religious exercise and does not identify what that religious exercise entails. Nor does the TAC provide sufficient factual context to illustrate the substantial burden he faced on that unidentified religious exercise. Thus, Plaintiff fails to state a claim under either the First Amendment or the RLUIPA.

The Court previously identified for Plaintiff these same pleading deficiencies in Plaintiff's SAC (*see* Doc. 14 at 10-13). Plaintiff objected to the undersigned's earlier findings and recommendations to dismiss these claims (*see* Doc. 16), requested leave to amend his complaint (*see* Doc. 15), and lodged the TAC (Doc. 17) that he represented "cures these defects" (Doc. 15 at 1-2). As set forth above, however, the pleading defects are not cured in the TAC. Thus, because it does not appear Plaintiff may be able to save these claims through further amendment, the undersigned will recommend Plaintiff's First Amendment and RLUIPA claims against County of Kern be dismissed without leave to amend. *Hartmann*, 707 F.3d at 1130.

2.   <u>State Law Claim for IIED ("Count IV")</u>

To state a claim for intentional infliction of emotional distress ("IIED") in California, a plaintiff must show three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (citation omitted). Conduct is "outrageous" or "extreme" where it "exceed[s] all bounds of that usually tolerated in a civilized society." *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991) (citation omitted).

Here, the TAC alleges that Defendant's detention of Plaintiff for 28 days without privilege or consent caused him IIED. (Doc. 17 at 6). Liberally construed, the TAC fails to state a claim for IIED. The TAC does not allege that the harm he faced was severe, extreme, or outrageous. *Lawler*, 704 F.3d at 1245. Thus, Plaintiff fails to state a claim for IIED.

The Court previously identified for Plaintiff these same pleading deficiencies in Plaintiff's SAC (*see* Doc. 14 at 13-14). Although Plaintiff objected to the undersigned's earlier findings and recommendations to dismiss this claim (*see* Doc. 16), in requesting leave to amend his complaint (*see* Doc. 15), he did not specifically address how he proposed to remedy the IIED claim's pleading deficiencies. As set forth above, Plaintiff did not remedy the pleading defects in the TAC. Thus, because it does not appear Plaintiff may be able to save these claims through further amendment, the undersigned will recommend Plaintiff's state law IIED claim against County of Kern be dismissed without leave to amend. *Hartmann*, 707 F.3d at 1130.

*    *    *    *    *    *    *    *    *

In sum, the undersigned finds that Plaintiff has pleaded the following cognizable claims: (1) a *Monell* claim based on violation of the Fourth Amendment against Defendant County of Kern (Count I); and (2) a state law claim for false imprisonment (Count IV). The undersigned will recommend dismissal of Plaintiff's remaining non-cognizable claims for violation of RLUIPA and First Amendment (Count II) and state law claim for intentional infliction of emotional distress (Count IV).

## IV.    Conclusion, Order, and Recommendations

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on October 3, 2025 (Doc. 14) are VACATED.

2. Plaintiff's motion for leave to file a third amended complaint (Doc. 15) is GRANTED.

3. Plaintiff's lodged third amended complaint (Doc. 17) is deemed Plaintiff's operative pleading.

///

///

15

And it is RECOMMENDED that:

1. Following screening of the third amended complaint (Doc. 17), this action proceeds on Plaintiff's cause of action under *Monell* based on violation of the Fourth Amendment ("Count I") and state law claim for false imprisonment ("Count IV") against Defendant County of Kern.

2. All remaining claims be DISMISSED without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

16