UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN MASSENGALE,

Plaintiff,

v.

KERN COUNTY SHERIFF DETENTIONAL FACILITY, et al.,

Defendant.

Case No.: 1:24-cv-00010 JLT EGC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART, AND CONSOLIDATING CASES

(Docs. 16, 18, 19)

KEVIN MASSENGALE,

Plaintiff,

v.

KERN COUNTY MUNICIPALITY,

Defendant.

Case No.: 1:24-cv-00066 JLT CDB

Plaintiff is proceeding pro se in both actions in the caption above. The magistrate judge recommends dismissing Case No. 1:24-cv-00010 JLT EGC without leave to amend for failure to state a claim upon which relief can be granted. (Case No. 1:24-cv-00010, Doc. 16.) Plaintiff filed objections, requested leave to file a third amended complaint, and filed a proposed third amended complaint. (*See* Case No. 1:24-cv-00010, Docs. 17–19.) The Court has reviewed the matter de novo.

The allegations and claims in the proposed third amended complaint are nearly identical to those in Case No. 1:24-cv-00066 JLT CDB. In that case, the Magistrate Judge recommended that plaintiff be permitted to pursue claims under the Fourth Amendment and state law based on his allegation that he was detained unlawfully. (*See* Case No. 1:24-cv-00066, Doc. 18.) This Court adopted that recommendation, the defendants waived service, and the deadline for a responsive pleading is upcoming. (*See* Case No. 1:24-cv-00066, Docs.19, 22, 27.)

A district court may consolidate two actions that involve common questions of law and fact and may "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)–(3). Because plaintiff's allegations and claims in both actions above are virtually identical, consolidating the cases would avoid inconsistent rulings and prevent the duplication of effort. Because Case No. 1:24-cv-00066 has reached a more advanced stage than this action, it will be most efficient to permit plaintiff to pursue his claims in that case, as embodied in the operative third amended complaint on file in that action.

The Court therefore orders as follows:

(1) The findings and recommendations at Doc. 16 in Case No. 1:24-cv-00010 are **ADOPTED IN PART.** Plaintiff's claims are dismissed for failure to state a claim with leave to amend but only in part. Plaintiff may pursue his proposed amended claim for unlawful detention in violation of the Fourth Amendment against the County of Kern (rather than the Sheriff, as proposed) under a theory of unconstitutional municipal customs, policies, or practices. *See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff's Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity.").

(2) This action is **CONSOLIDATED** for all purposes with Case No. 1:24-cv-00066 JLT CDB. All future documents in this case must be filed in Case No. 1:24-cv-00066 JLT CDB and must have that case number and title in their caption. The operative third amended complaint in Case No. 1:24-cv-00066 is the operative complaint in the consolidated action. The Clerk's Office is therefore directed to

**CLOSE** Case No. 1:24-cv-00010.

(4) Plaintiff may not pursue any other claims without the "opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(a)(2).

(5) This order does not preclude any defendant from arguing and demonstrating that all or a portion of plaintiffs' claims for relief in the consolidated case are barred because they "necessarily imply the invalidity of his previous conviction or sentence." *Olivier v. City of Brandon*, 607 U.S. 552, 563 (2026) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

(6) This action is referred to the magistrate judge in the consolidated case (No. 1:24-cv-00066) for all further pretrial proceedings.

IT IS SO ORDERED.

Dated: September 21, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE